IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SEAN PUCHALOW CLINTON,<br>    Petitioner, | )<br>)<br>) |
| vs. | ) No. 3:22-CV-2301-B-BH<br>) |
| CHRISTOPHER WRAY, Director of<br>F.B.I., et al.,<br>    Respondents. | )<br>)<br>)<br>) Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the *Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241*, received on October 14, 2022 (doc. 3), should be **DISMISSED**.

### I.    BACKGROUND

Sean Puchalow Clinton (Petitioner) filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, in which he challenges "[t]he legitimacy of the government's 'outrageous' surveillance activities against me that, when taking into account the facts that I am being 'tortured' within them and I cannot escape them, 'certainly' amounts to a form of imprisonment and cruel and unusual punishment." (doc. 3 at 2.)  He names the Director of the FBI, the Director of the United States Secret Service, and the Director of Naval Intelligence as respondents.  (*See id.* at 1.)

Petitioner asserts the following grounds for relief:

(1) The government is routinely "torturing" me while I am in the confines of my home and while I am in the confines of the commercial vehicles I operate, as well as other locations I travel to.  I cannot escape this routine torture from the government, as their personell [sic] follow me everywhere I go and perform their torture activities in those places as well;

(2) The government is weilding [sic] an inescapable undue influence over my life through a wire tap on my cellphone that is being used by the government to

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

>   monitor my physical location and electronic communications and phone calls;
>
> (3) The government is actively hindering my ability to obtain legal counsel and violating my first Amendment right of Freedom of Speech in the process, through its illegal wire tap on my cell phone; and
>
> (4) The government is employing "other" methods of torture against me.

(doc. 3 at 6-7.) He seeks the issuance of "orders to the U.S. Federal Agencies involved in this case to cease their surveillance operations against me, and . . . to order an independant [sic] investigative review of my background to verify there is no cause for me to be under surveillance or investigation by the federal government." (*Id.* at 7.)

## II. JURISDICTION

Petitioner filed this action under 28 U.S.C. § 2241. (*See* doc. 3 at 1.) A petitioner may seek habeas relief under § 2241 if:

> (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
>
> (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
>
> (3) He is in custody in violation of the Constitution or laws or treaties of the United States; or
>
> (4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted . . . ; or
>
> (5) It is necessary to bring him into court to testify or for trial.

28 U.S.C. § 2241(c). Federal district courts have jurisdiction to entertain petitions for writs of habeas corpus under § 2241(c)(3) only from persons who are "in custody." *See* 28 U.S.C. § 2241(c)(3). The "in custody" requirement is a jurisdictional prerequisite, and a petitioner must be in custody at the time the petition is filed for a federal district court to have jurisdiction over a § 2241 petition. *See, e.g., Maleng v. Cook*, 490 U.S. 488, 490-91 (1989).

Here, Petitioner identifies his place of confinement as "My Home, work, and other locations I travel to"; he does not allege that he is in custody in connection with any state or federal proceeding. (doc. 3 at 1.) He appears to contend that he is in the constructive custody of the United States government and respondents. (*See id.* at 1-2.) "[O]ne cannot be deemed in constructive custody unless he is conditionally released [from physical custody] with restraints on his personal liberty," however. *Moreno v. Hickman*, No. 4:16–CV–714, 2017 WL 2807005, at *3 (S.D. Tex. June 29, 2017) (citing *Jones v. Cunningham*, 371 U.S. 236 (1963)). Petitioner does not allege that he has been conditionally released from any form of custody, or that there are any restraints on his personal liberty. He is therefore not "in custody" for purposes of § 2241, so his § 2241 petition should be dismissed for lack of jurisdiction.

### III. CIVIL CLAIMS

The petition also presents non-habeas claims and grounds for relief that do not challenge his custody. Courts may only consider federal habeas petitions under 28 U.S.C. § 2241 on grounds that the petitioner is in custody in violation of the Constitution or federal laws. *See Preiser v. Rodriguez*, 411 U.S. 475, 484-87 (1973). To the extent he seeks to assert claims against non-custodial parties or to seek non-habeas relief, claims that do not challenge his custody may not be raised in this habeas action. His non-habeas civil claims may be liberally construed either as a separate civil rights action or a mandamus action against the appropriate parties.

Petitioner already has a pending civil rights action in this district that appears to involve some of the same parties and contains a nearly identical "Statement of Claims & Facts" as in this action. *See Puchalow v. United States, et al.*, No. 4:22-CV-889-Y (N.D. Tex. Oct. 3, 2022).[2] His

---

[2] In his pending civil rights action, Petitioner filed suit under the name Sean M. Puchalow. *See Puchalow*, No. 4:22-CV-889-Y, doc. 1 at 1. He reports that he legally changed his name to Sean Puchalow Clinton after he filed that case. (*See* doc. 3 at 8.)

3

non-habeas civil claims should be therefore dismissed without prejudice to seeking relief in that action, instead of being liberally construed and opened as a new civil action subject to a new filing fee.³ *See Davis v. Valdez*, No. 3:15-CV-3952-D (BH), 2016 WL 749899, at *2 (N.D. Tex. Jan. 4, 2016), *rec. adopted*, 2016 WL 728817 (N.D. Tex. Feb. 24, 2016).

### IV.  RECOMMENDATION

Any habeas claims in the *Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241*, received on October 14, 2022 (doc. 3), should be **DISMISSED** for lack of jurisdiction. Any civil claims should be **DISMISSED** without prejudice to seeking relief in Case No. 4:22-CV-889-Y, pending in the Fort Worth Division of this district.

**SIGNED this 21st day of October, 2022.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

3 A $52 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $402 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*.  *See* District Court Miscellaneous Fee Schedule.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE